UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PGT INDUSTRIES, INC.,

    Plaintiff,

v.                       CASE No. 8:12-CV-358-T-33TGW

HARRIS & PRITCHARD
CONTRACTING SERVICES,
LLC, and DAVID M. HARRIS,

    Defendants.

_____

## REPORT AND RECOMMENDATION

The plaintiff has sued the defendants for failing to pay for products supplied to defendant Harris & Pritchard Contracting Services LLC. Defendant David Harris has filed a motion to dismiss count III of the complaint, alleging that it fails to state a claim against him individually. The motion was referred to me for a report and recommendation. Because the plaintiff has pled adequately the claim, I recommend that the motion to dismiss be denied.

I.

On December 1, 2011, the plaintiff filed in state court this three-count lawsuit against the defendants arising from Harris & Pritchard Contracting Services LLC's alleged failure to pay for products it purchased from the plaintiff (Doc. 2). The plaintiff alleges against Harris & Pritchard Contracting Services LLC breach of contract and unjust enrichment, and alleges against Harris individually a breach of a personal guaranty (id.). The plaintiff claims that it is owed $107,374.53 (id., ¶9). The defendants removed the lawsuit to federal court court (Doc. 1).

Defendant Harris has filed a motion to dismiss count III of the complaint under Rule 12(b)(6), Fed. R. Civ. P., alleging that the plaintiff has failed to state a claim upon which relief can be granted (Doc. 6). The plaintiff has filed an opposition to the motion, contending that it states a cognizable claim (Doc. 8).

The motion was referred to me for a report and recommendation (Doc. 17). Thereafter, I conducted a hearing on the motion (see Doc. 20).

II.

The parties agree that a breach of personal guaranty is a straightforward breach of contract claim, the elements of which are (1) a valid contract, (2) a material breach, and (3) damages. Beck v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999). Count III of the complaint alleges that a valid contract existed between the plaintiff and Harris based on Harris's execution of the Personal Guaranty Agreement (PGA), which is Exhibit C to the complaint; that, pursuant to the guaranty, Harris is responsible for Harris & Pritchard Contracting Services LLC's outstanding debt; and that the plaintiff has suffered damages as a result of the failure to pay the outstanding balance (see Doc. 2, ¶¶ 1, 28, 30). Thus, the complaint on its face states a claim for breach of personal guaranty.

Defendant Harris argues that the first prong of a breach of contract claim is not satisfied here because he did not agree to personally guarantee the loan (Doc. 6). In this regard, Harris refers to the PGA which lists "Harris & Pritchard Contracting Services LLC," not David Harris, on the line titled "Print Name of Guarantor" (id., p. 5; see Doc. 2, p. 11, Ex. C).

The plaintiff responds that the identification of "Harris & Pritchard Contracting Services LLC" as the guarantor was a mistake, and there are other indicia in the PGA which show Harris intended to personally guarantee the debt (Doc. 8, pp. 2-3). Specifically, Harris signed the PGA on the line titled "Personal Guarantor," without any reference to his position with the company, and wrote his social security number beside his name (id.; see Doc. 2, p. 11, Ex. C). Further, it contends Harris's argument that Harris & Pritchard Contracting Services LLC guaranteed its own debt is nonsensical and would render the PGA superfluous, as there is no purpose to a PGA where the company is already contractually obligated to pay the debt (see Doc. 2, Ex. A). Tampa Bay Economic Development Corp. v. Edman, 598 So.2d 172, 174 (Fla. App. 1992)("For a corporation to guarantee its own debt would add nothing to its existing obligation and would be meaningless."). These circumstances state a plausible basis for concluding that Harris is the personal guarantor.

In sum, there is an ambiguity in the PGA regarding whether Harris is the personal guarantor of Harris & Pritchard Contracting Services

LLC's debt that is not appropriately decided on a motion to dismiss.[*] See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (a complaint containing well-pled factual allegations that states a plausible claim for relief survives a motion to dismiss). Therefore, I recommend that Defendant [Harris's] Fed. R. Civ. P. 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 6) be denied.

Respectfully submitted,

*/s/ Thomas G. Wilson*

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: JULY 10, 2012

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).

---

[*] The defendant argued at the hearing that his motion is nonetheless meritorious because ambiguities are construed against the drafter of the contract. However, plaintiff's counsel responded that it is unknown who handwrote on the PGA "Harris & Pritchard Contracting Services LLC" on the line above "Print Name of Guarantor." Therefore, this legal principle does not apply at this stage of the proceedings.