UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PGT INDUSTRIES, INC.

      Plaintiff,

v.                          Case No. 8:12-cv-358-T-33TGW

HARRIS & PRITCHARD CONTRACTING
SERVICES, LLC and DAVID M. HARRIS,

      Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff PGT Industries, Inc.'s Motion to Strike Defendant Harris & Pritchard Contracting Services, LLC's Answer and Affirmative Defenses and Motion for Entry of Default Judgment as to Defendant Harris & Pritchard Contracting Services, LLC. (Doc. # 38). Because Harris & Pritchard's pleadings have not yet been stricken, and because the Clerk has not yet entered default as to Harris & Pritchard, this Court construes the Motion for Entry of Default Judgment as a motion for entry of a Clerk's default. For the reasons that follow, the Court grants PGT's motion as construed.

I.  **Background**

According to PGT, Harris & Pritchard executed a credit application and Domestic Terms and Conditions of Sale with

PGT. (Doc. # 2 at 1, 6). PGT also states that Harris signed a personal guaranty, and, therefore, he is responsible to PGT for payment of all amounts owed to PGT by Harris & Pritchard. (Id. at 4, 11). Although "Harris & Pritchard Contracting Services LLC" is written on the guaranty agreement above both the line labeled "Company Name or Account Name" and the line labeled "Name of Guarantor," Harris also signed his name at the end of the Personal Guaranty Agreement on the line labeled "Guarantor" and provided his social security number in the space provided for it. (Id.). PGT claims that it sold window and tile products to Harris & Pritchard in accordance with the terms of the agreement. (Id. at 2, 10).

PGT states that Harris & Pritchard made no objection or complaint with respect to the products sold to them and that, although Harris & Pritchard has made partial payments to PGT, it still owes PGT $107,374.53 principal plus statutory interest. (Id. at 2). Additionally, PGT alleges that "[p]ursuant to the Domestic Terms and Conditions of Sale, Harris & Pritchard is responsible for payment of [PGT's] attorney's fees and costs." (Id.).

PGT originally filed this action in state court, and Harris & Pritchard and Harris removed the case to this

2

Court on February 21, 2012. (Doc. # 1). PGT's three count complaint alleges one count of breach of written contract and one count of unjust enrichment against Harris & Pritchard, as well as one count of breach of guaranty against Harris in his individual capacity. (Doc. # 2). Harris & Pritchard filed its answer and affirmative defenses on March 6, 2012. (Doc. # 5).

On November 27, 2012, counsel for both Harris & Pritchard and Harris filed a Motion to Withdraw as counsel. (Doc. # 30). The Court granted the motion on December 14, 2012, and notified Harris & Pritchard that it had thirty days to file notice of appearance of new counsel. (Doc. # 34). No such notice was filed. On January 22, 2013, this Court entered an Order noting Harris & Pritchard's failure to comply with the Court's direction and stating, "Absent a notice of appearance of counsel filed on behalf of Harris & Pritchard by February 6, 2013, this Court will entertain an appropriate motion to strike Harris & Pritchard's pleadings. Thereafter, Harris & Pritchard will be poised for the entry of default against it." (Doc. # 36). As of the date of this Order, Harris & Pritchard has not filed a notice of appearance of new counsel. PGT filed a motion to

strike Harris & Pritchard's answer and to enter default judgment on February 19, 2013. (Doc. # 38).

## II.   **Legal Standard**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failing is shown by affidavit or otherwise, the clerk must enter the party's default.

A district court may also strike pleadings and direct the Clerk to enter default against defendants who have made an appearance as a sanction for discovery abuses or the abandonment of defenses. Fed. R. Civ. P. 37(b)(2)(A)(vi); Pickett v. Executive Preference Corp., No. 6:05-cv-1128, 2006 WL 2947844 (M.D. Fla. Oct. 16, 2006) (striking defendant's pleadings for abandoning its defense, and directing clerk to enter default against defendant).

Pursuant to Federal Rule of Civil Procedure 55(b)(2), following the entry of a Clerk's default and upon motion by the plaintiff, the Court may enter a default judgment against a defaulting party.

## III.   **Analysis**

As stated above, a district court may strike a defendant's pleadings as a sanction for the abandonment of

defenses. The Court's January 22, 2013, Order notified Harris & Pritchard that the Court would take such action if notice of new counsel was not timely filed:

> Defendant Harris & Pritchard Contracting Services, LLC has until and including February 6, 2013, to retain new counsel. In the event that new counsel is retained, Harris & Pritchard is directed to file a response to the motion for summary judgment on or before February 20, 2013. Absent a notice of appearance of counsel filed on behalf of Harris & Pritchard by February 6, 2013, this Court will entertain an appropriate motion to strike Harris & Pritchard's pleadings. Thereafter, Harris & Pritchard will be poised for the entry of default against it.

(Doc. # 36 at 5-6). Accordingly, the Court strikes Harris & Pritchard's Answer and Affirmative Defenses (Doc. # 5), filed on March 6, 2012.

Furthermore, Local Rule 2.03(e) states that corporations may only appear and be heard through counsel. Despite the Court's directions and warning, Harris & Pritchard has failed to file an appearance of new counsel. A district court may default a defendant pursuant to Rule 55(a) for failure to follow the Local Rules. See, e.g., Compania Interamericana Export, Import, S.A., v. Compania Dominicana de Aviacion, 88 F.3d 948 (11th Cir. 1996). As such, entry of default is a proper sanction for a defendant corporation's failure to obtain counsel. See e.g. Kaplun

v. Lipton, No. 06-20327-CIV, 2007 WL 707383 (S.D. Fla. Mar. 5, 2007) (entering default judgment against corporate defendant for failure to obtain counsel per court order); Tumi v. Wally's Waterfront, Inc., No. 2:05-cv-551, 2007 WL 678013 (M.D. Fla. Mar. 5, 2007) (finding entry of default judgment appropriate after corporate defendant failed to obtain counsel as directed by court).

In Interamericana Export, the Eleventh Circuit upheld a district court's decision to default a corporation for failure to obtain counsel. Id. at 951-52. The district court's primary reason for entering a default was Dominicana's failure to retain new counsel after the court allowed withdrawal of its former counsel. Id. at 950. In upholding the entry of default, even when Dominicana obtained counsel after the deadline passed, the Eleventh Circuit reasoned that, although some courts had specifically considered culpability or willfulness in upholding defaults, "if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." Id. (internal citations omitted).

PGT has moved for entry of default judgment. (Doc. # 38). However, as the Clerk has not yet entered default in this case, the Court will construe the Motion for Entry of Default Judgment as a motion for the Clerk's entry of default. PGT shall file a motion for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) after default is entered by the Clerk against Harris & Pritchard.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Plaintiff PGT Industries, Inc.'s Motion to Strike Defendant Harris & Pritchard Contracting Services, LLC's Answer and Affirmative Defenses (Doc. # 38) is **GRANTED.**

(2)   Defendant Harris & Pritchard Contracting Services, LLC's Answer and Affirmative Pleadings (Doc. # 5) is hereby **STRICKEN.**

(3)   Plaintiff PGT Industries, Inc.'s construed Motion for Entry of Default Judgment (Doc. # 38) is **GRANTED** as against Defendant Harris & Pritchard Contracting Services, LLC.

(4)   The Clerk is **DIRECTED** to enter default against Defendant Harris & Pritchard Contracting Services,

LLC. Plaintiff shall file a motion for default judgment after default is entered by the Clerk against Defendant Harris & Pritchard.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>15th</u> day of March, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record