```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

PGT INDUSTRIES, INC.,

       Plaintiff,
v.                                    Case No. 8:12-cv-358-T-33TGW

HARRIS & PRITCHARD CONTRACTING
SERVICES, LLC and DAVID M. HARRIS,

       Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to Plaintiff PGT Industries, Inc.'s Motion for Entry of Default Judgment Against Defendant Harris & Pritchard Contracting Services, LLC (Doc. # 42), filed March 20, 2013; PGT's Motion for Summary Judgment against Harris & Pritchard and Defendant David M. Harris (Doc. # 33), filed on December 13, 2012; and PGT's Motion to Consider Plaintiff's Motion for Summary Judgment as Unopposed and to Enter Summary Judgment in Favor of Plaintiff (Doc. # 39), filed on February 19, 2013. As of the date of this Order, neither Harris & Pritchard as a corporate defendant nor Harris in his individual capacity have filed any response in opposition to any of the motions; the time to do so has now passed. Accordingly, the Court considers the motions as

unopposed. For the reasons that follow, the Court grants PGT's Motion for Default Judgment as to Harris & Pritchard, grants PGT's Motion to Consider Plaintiff's Motion for Summary Judgment as Unopposed, grants PGT's Motion for Summary Judgment as to Harris, and denies as moot PGT's Motion for Summary Judgment as to Harris & Pritchard.

**I.  Background**

According to PGT, Harris & Pritchard executed a credit application and Domestic Terms and Conditions of Sale with PGT. (Doc. # 2 at 1, 6). PGT also states that Harris signed a personal guaranty, and, therefore, he is responsible to PGT for payment of all amounts owed to PGT by Harris & Pritchard. (Id. at 4, 11). Although "Harris & Pritchard Contracting Services LLC" is written on the guaranty agreement above both the line labeled "Company Name or Account Name" and the line labeled "Name of Guarantor," Harris also signed his name at the end of the Personal Guaranty Agreement on the line labeled "Guarantor" and provided his social security number in the space provided for it. (Id. at 11). PGT claims that it sold window and tile products to Harris & Pritchard in accordance with the terms of the agreement. (Id. at 2, 10).

PGT states that Harris & Pritchard made no objection or complaint with respect to the products sold to them and that, although Harris & Pritchard has made partial payments to PGT, it still owes PGT $107,374.53 principal plus statutory interest. (Id. at 2). Additionally, PGT alleges that "[p]ursuant to the Domestic Terms and Conditions of Sale, Harris & Pritchard is responsible for payment of [PGT's] attorney's fees and costs." (Id.).

PGT originally filed this action in state court, and Harris & Pritchard and Harris removed the case to this Court on February 21, 2012. (Doc. # 1). PGT's three count Complaint alleges counts for breach of written contract and for unjust enrichment against Harris & Pritchard, as well as one count for breach of guaranty against Harris in his individual capacity. (Doc. # 2). Harris & Pritchard filed its Answer and Affirmative Defenses on March 6, 2012. (Doc. # 5). After filing an unsuccessful Motion to Dismiss (Doc. # 6), Harris filed his Answer and Affirmative Defenses (Doc. # 25), on August 21, 2012.

On November 27, 2012, counsel for both Harris & Pritchard and Harris filed a Motion to Withdraw as counsel. (Doc. # 30). On December 13, 2012, PGT filed a motion for summary judgment. (Doc. # 30). The Court granted Harris &

3

Pritchard and Harris' counsels' Motion to Withdraw on December 14, 2012, and notified Harris & Pritchard that it had thirty days to file a notice of appearance of new counsel. (Doc. # 34). No such notice was filed. On January 22, 2013, this Court entered an Order noting Harris & Pritchard's failure to comply with the Court's instruction and stating, "Absent a notice of appearance of counsel filed on behalf of Harris & Pritchard by February 6, 2013, this Court will entertain an appropriate motion to strike Harris & Pritchard's pleadings. Thereafter, Harris & Pritchard will be poised for the entry of default against it." (Doc. # 36 at 5-6). As of the date of this Order, Harris & Pritchard has not filed a notice of appearance of new counsel. In the January 22, 2013, Order, the Court also stated:

> Defendant David M. Harris has until February 6, 2013, to notify the Court if he intends to proceed in this action pro se or to file a notice of appearance of counsel. If he intends to proceed pro se, Harris is directed to file a response to Plaintiff PGT Industries, Inc.'s motion for summary judgment by or on February 6, 2013. If Harris fails to so file, the Court will consider PGT's motion for summary judgment as unopposed. In the event that new counsel is retained, Harris is directed to file a response to the motion for summary judgment on or before February 20, 2013.

4

(Id. at 6). As of the date of this Order, Harris has not filed a response to PGT's Motion for Summary Judgment.

PGT filed the Motion to Strike Harris & Pritchard's Answer and to Enter Default Judgment on February 19, 2013. (Doc. # 38). On the same day, PGT also moved the Court to consider PGT's Motion for Summary Judgment as an unopposed motion and to enter summary judgment in favor of PGT. (Doc. # 39). The Court granted the motion to strike, construed the motion to enter default judgment as a motion for Clerk's entry of default, and granted the construed motion. (Doc. # 40). Thus, Harris & Pritchard's answer was stricken (Doc. # 5), the Clerk entered default on March 18, 2013 (Doc. # 41), and PGT filed a Motion for Default Judgment against Harris & Pritchard on March 20, 2013 (Doc. # 42).

## II.   Motion for Default Judgment Against Harris & Pritchard

### A.   Legal Standard

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entering a Default.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failing is shown by affidavit or otherwise, the clerk must enter the party's default.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), following the entry of a Clerk's default and upon motion by

5

the plaintiff, the Court may enter a default judgment against a defaulting party. Fed. R. Civ. P. 55(b)(2); see also DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003). The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment, as a Clerk's default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a defaulted defendant is only deemed to admit the plaintiff's well-pled allegations of fact. Id. Therefore, before entering a default judgment for damages, a court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

**B.   Analysis**

The Complaint alleges three counts in total: Count I for breach of written contract as to Harris & Pritchard, Count II for unjust enrichment as to Harris & Pritchard, and Count III for damages as to David Harris under personal guaranty. The Motion for Default Judgment applies only to Harris & Pritchard, and so the Court will evaluate only Counts I and II at this time.

### 1.  **Count I – Breach of Contract**

This is a diversity action and therefore the Court is "required to apply the substantive law of the forum state, namely Florida." Fioretti v. Mass. Gen. Life Ins. Co., 53 F.3d 1228, 1235 (11th Cir. 1995) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)). In order to plead a breach of contract claim under Florida law, a plaintiff must assert the existence of a contract, a breach of such contract, and damages resulting from such breach. Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co., 527 F. Supp. 2d 1355, 1365 (M.D. Fla. 2007) (citing Knowles v. C.I.T. Corp., 346 So. 2d 1042, 1043 (Fla. 1st DCA 1977)). Additionally, "while a breach may be a breach anywhere, that is not the end of the legal test for breach of contract in Florida. Florida contract law requires that in a breach of contract action, the breach in question must be

material." Marino v. Home Depot U.S.A., Inc., 245 F.R.D. 729, 734 (S.D. Fla. 2007) (citing J.J. Gumberg Co. v. Janis Servs., Inc., 847 So. 2d 1048, 1049 (Fla. 4th DCA 2003)); see also Great Lakes Reins. (UK) PLC v. Morales, 760 F. Supp. 2d 1315, 1328 (S.D. Fla. 2010) ("Under Florida law, a breach of contract action requires three elements: (1) a valid contract; (2) a material breach of that contract; and (3) damages.") (citing Beck v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999)).

In the Complaint, PGT alleges that it executed a credit application and "Domestic Terms and Conditions of Sale" with Harris & Pritchard (Doc. # 2 at ¶ 5). PGT attached a copy of that document to the Complaint for the Court's review (Id. at 6-9). PGT alleges, "Pursuant to the terms of the [Credit] Application, Plaintiff sold tile products to Harris & Pritchard, as shown in the invoice attached [to the Complaint] . . . ." (Id. at ¶ 7). Furthermore, PGT alleges Harris & Pritchard did not object to or complain about the sold goods (Id. at ¶ 8), and Harris & Pritchard breached the contract by failing to pay the total amount owed for the delivered goods (Id. at ¶ 9). PGT also alleges it suffered damages in the form of the

unpaid balance on the contract in the amount of $107,374.53. (Id.).

Taking the well-pled allegations of the Complaint as true, the Court finds that the contract entered into by PGT and Harris & Pritchard is valid and PGT's allegations concerning damages are sufficiently pled. Furthermore, non-payment of the amount due under a contract is a material breach of the contract. See, e.g., Whitney Nat. Bank v. R & S Dev. of SW Fl, LLC, 8:09-CV-2315-T-30TGW, 2010 WL 2367137, at *2 (M.D. Fla. June 14, 2010). Accordingly, the elements of breach of contract under Florida law are met; therefore, the Court finds that there is a sufficient basis in the pleadings for default judgment to be entered in favor of PGT as to the breach of contract claim.

### 2. Count II – Unjust Enrichment

Unjust enrichment is an equitable claim, "based on a legal fiction created by courts to imply a 'contract' as a matter of law." Tooltrend, Inc. v. CMT Utensili, SRL, 198 F.3d 802, 805 (11th Cir. 1999) (citing Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co., 695 So. 2d 383, 386 (Fla. 4th DCA 1997)). Through a claim for unjust enrichment, the law can, in essence, "'create' an agreement" in a situation where "the parties may have never

9

by word or deed indicated in any way that there was any agreement between them," but "it is deemed unjust for one party to have received a benefit without having to pay compensation for it." Id. "It derives, not from a 'real' contract but a 'quasi-contract.'" Id.

To successfully state a claim for unjust enrichment a plaintiff must prove that:

> (1) the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) the defendant has voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff.

Id.

Because the Court has found sufficient basis to grant default judgment as to PGT's claim for breach of written contract, PGT's claim for unjust enrichment is superfluous. However, in the interest of thoroughness, the Court will briefly discuss PGT's unjust enrichment claim as well.

PGT alleges in its Complaint that it "conferred a benefit on Harris & Pritchard in the form of window products, as reflected in the invoices attached hereto . . . ." (Doc. # 2 at ¶ 13). Furthermore, PGT states that "Harris & Pritchard knew of the benefit conferred by Plaintiff" (Id. at ¶ 14) and "retained the benefit

10

conferred by Plaintiff" (Id. at ¶ 15), but "still owes Plaintiff $107,374.53 principal plus statutory interest" (Id. at ¶ 9). PGT also states, "In the ordinary course of common events, a reasonable person receiving the benefits set forth in the [Complaint] normally would expect to pay for the same" (Id. at ¶ 18); accordingly, PGT alleges that it "would be inequitable for Harris & Pritchard to retain the benefit conferred by Plaintiff without paying the reasonable value thereof." (Id. at ¶ 16). The Court agrees.

Therefore, the Court finds that even if PGT had not successfully stated a claim of breach of contract, PGT still successfully states a substantive cause of action through its claim for unjust enrichment. There is sufficient basis in the pleadings for the relief sought; thus, default judgment is granted against Harris & Pritchard.

### III. **Motion to Consider Plaintiff's Motion for Summary Judgment as Unopposed and to Enter Summary Judgment in Favor of Plaintiff**

As stated above, PGT filed the Motion for Summary Judgment (Doc. # 33) on December 13, 2012. Without legal counsel, corporate defendant Harris & Pritchard cannot file a response in opposition to the motion. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule

11

is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel.").

Regardless, neither Harris & Pritchard nor Harris in his individual capacity have attempted to file such a response, despite an Order of this Court notifying Harris that if he failed to file a response, "the Court [would] consider PGT's motion for summary judgment as unopposed." (Doc. # 36). After the time for responses to be filed passed, PGT filed a Motion to Consider Plaintiff's Motion for Summary Judgment as Unopposed and to Enter Summary Judgment in Favor of Plaintiff. (Doc. # 39).

Because no timely response in opposition to the Motion for Summary Judgment has been filed, the Court will consider the Motion as unopposed and "consider the fact[s] undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). PGT's Motion to Consider Plaintiff's Motion for Summary Judgment as Unopposed and to Enter Summary Judgment in Favor of Plaintiff (Doc. # 39) is granted to the extent that the Court will consider PGT's Motion for Summary Judgment (Doc. # 33) as unopposed.

**IV. Motion for Summary Judgment**

    **A.**     **Legal Standard**

12

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,'

13

and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324).

Furthermore, because the movant bears the initial burden of proving that summary judgment is appropriate, a court cannot "base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101-02 (11th Cir. 2004) (citing Dunlap v. Transam. Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988)). "The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." Id. Additionally, "so that there can be an effective review of the case on appeal, the district court's order granting summary judgment must indicate that the merits of the motion were addressed." Id. (internal citations and quotations omitted).

**B.  Analysis**

14

### 1. Counts I and II

As stated above, Count I for breach of written contract and Count II for unjust enrichment are stated against Harris & Pritchard only. Because the Court has now found that default judgment should be entered against Harris & Pritchard, summary judgment as to Counts I and II is denied as moot.

### 2. Count III – Breach of Personal Guaranty

Count III of the Complaint alleges "damages as to David Harris under personal guaranty." (Doc. # 2 at ¶ ). As previously stated, the Court applies Florida law in this case. Fioretti, 53 F.3d at 1235. Under Florida law, a contract of guaranty is the promise to answer for the payment of the debt, default, or performance of another. See, e.g., Amerishop Mayfair, L.P. v. Billante, 833 So. 2d 806, 809 (Fla. 3rd DCA 2002) (citing Nicolaysen v. Flato, 204 So. 2d 547, 549 (Fla. Dist. Ct. App. 1967)); Fort Plantation Inv., LLC v. Ironstone Bank, 85 So. 3d 1169, 1171 (Fla. 5th DCA 2012) ("A guaranty is a promise to pay the debt of another on the default of the person primarily liable for payment or performance."). As such, a claim for breach of guaranty is simply a breach of contract claim. See, e.g., Swan Landing Dev., LLC v. Fla. Capital Bank,

15

N.A., 19 So. 3d 1068, 1070 (Fla. 2d DCA 2009) (noting that the action stated a "breach of contract action on a . . . guaranty" and noting that the parties agreed that the guaranty was a "valid contract[]"). Therefore, the same elements of proof that are required for breach of contract are required for breach of guaranty: (1) a valid contract, (2) a material breach, and (3) damages. Beck, 175 F.3d at 914.

 PGT claims that a valid contract existed between PGT and Harris in the form of the Personal Guaranty Agreement (Doc. # 2 at ¶ 28-30; Doc. # 33 at 4), and PGT included a copy of the Personal Guaranty Agreement with the filed Complaint (Doc. # 2 at 11). As discussed above, PGT alleges a material breach of contract in that Harris & Pritchard failed to pay for the goods delivered to them by PGT, and now Harris has breached by failing to provide payment as required by the Personal Guaranty Agreement. (Doc. # 33 at 2). Again, PGT claims that it suffered damages in the form of non-payment. (Doc. # 2 at ¶ 1, 9; Doc. # 33 at 2, 4).

 Concerning the validity of the Personal Guaranty Agreement, the Court notes the actual guaranty document does list "Harris & Pritchard Contracting Services LLC" above both the line labeled "Company Name or Account Name"

and the line labeled "Name of Guarantor." (Doc. # 2 at 11). However, Harris signed his own name at the end of the Personal Guaranty Agreement on the line labeled "Guarantor" and provided his social security number in the space provided for it. (Id.). In the Report and Recommendation of United States Magistrate Judge Thomas G. Wilson, which the Court accepted and adopted on August 7, 2012 (Doc. # 24), the Court acknowledged that "there is an ambiguity in the [Personal Guaranty Agreement] regarding whether Harris is the personal guarantor of Harris & Pritchard Contract Services LLC's debt . . . ." (Doc. # 21 at 20-21).

However, PGT's Motion for Summary Judgment claims that the Personal Guaranty Agreement was "executed and delivered to PGT" by Harris and the signed Personal Guaranty Agreement makes Harris "liable to PGT for the amounts owed by Harris & Pritchard." (Doc. # 33 at 1-2). PGT's factual allegations concerning Harris' execution of the Personal Guaranty Agreement are undisputed and, as such, the Court finds no reason to dispute them. Harris signed his name on one of the lines labeled "guarantor," provided his personal information on the guaranty contract, and has not opposed PGT's Summary Judgment Motion. (Doc. # 2 at 11). Furthermore, it would be nonsensical for a company to

17

guarantee its own debt. See Tampa Bay Econ. Dev. Corp. v. Edman, 598 So. 2d 172, 174 (Fla. 2d DCA 1992) ("'For a corporation to guarantee its own debt would add nothing to its existing obligation and would be meaningless.'") (quoting Roy v. Davidson Equip., Inc., 423 So. 2d 496, 497 (Fla. 4th DCA 1982)). Where, as here, there is clearly a separate individual or entity executing the guaranty contract, the Court declines to construe an otherwise ordinary guaranty as superfluous. Id. Accordingly, the Court finds that the Personal Guaranty Agreement was valid and obligated Harris for the debt of Harris & Pritchard.

Guaranties can be either absolute or conditional. Mullins v. Sunshine State Serv. Corp., 540 So. 2d 222, 223 (Fla. 5th DCA 1989). "As to an absolute guaranty, the guarantor becomes liable immediately upon default in payment by another, whereas under a conditional guaranty, the guarantor does not become liable until the occurrence of certain conditions." Fort Plantation Inv., LLC, 85 So. 3d at 1171. The guaranty signed by Harris unambiguously states that the "undersigned Guarantor . . . *unconditionally* hereby guarantee[s] the payment of the Debtor's existing indebtedness . . . ." (Doc. # 2 at 11) (emphasis added). Therefore, Harris became liable

18

immediately upon Harris & Pritchard's default. For these reasons, the Court grants summary judgment against Harris for damages under personal guaranty.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff PGT Industries, Inc.'s Motion for Default Judgment Against Defendant Harris & Pritchard Contracting Services, LLC (Doc. # 42) is **GRANTED.**

(2) Plaintiff PGT Industries, Inc.'s Motion to Consider Plaintiff's Motion for Summary Judgment as Unopposed and to Enter Summary Judgment in Favor of Plaintiff (Doc. # 39) is **GRANTED** to the extent that the Court considers Plaintiff PGT Industries, Inc.'s Motion for Summary Judgment (Doc. # 33) as unopposed.

(3) Plaintiff PGT Industries, Inc.'s Motion for Summary Judgment (Doc. # 33) is **GRANTED** as to Defendant David M. Harris and **DENIED** as moot as to Defendant Harris & Pritchard Contracting Services, LLC.

(4) Entry of judgment will be reserved until the amount of costs, fees, and prejudgment interest is determined. Plaintiff PGT Industries, Inc. may file with the Court a motion addressing prejudgment interest, fees, and costs on or before April 12, 2013. Additionally,

Plaintiff PGT Industries, Inc. is directed to submit a proposed judgment to the Court on or before April 12, 2013.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of March, 2013.

<u>/s/ Virginia M. Hernandez Covington</u>
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record