```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

PGT INDUSTRIES, INC.,

       Plaintiff,
v.                                   Case No. 8:12-cv-358-T-33TGW

HARRIS & PRITCHARD CONTRACTING
SERVICES, LLC and DAVID M. HARRIS,

       Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff PGT Industries, Inc.'s Motion for Prejudgment Interest, Attorneys' Fees and Costs (Doc. # 46), filed on April 12, 2013. PGT seeks a total judgment of $197,851.05, inclusive of attorneys' fees, costs, and prejudgment interest as provided for by Federal Rule of Civil Procedure 54 and the terms of the parties' contract. (Doc. # 2 at 6-9). For the reasons that follow, the Court grants the motion.

**I.   Background**

PGT originally filed this breach of contract action in state court, and Harris & Pritchard and Harris removed the case to this Court on February 21, 2012. (Doc. # 1). PGT's three count Complaint alleges counts for breach of written

contract in the amount of $107,374.53 principal, plus statutory interest and for unjust enrichment, against Harris & Pritchard, as well as one count for breach of guaranty against Harris in his individual capacity. (Doc. # 2).

On November 27, 2012, counsel for both Harris & Pritchard and Harris filed a Motion to Withdraw as counsel. (Doc. # 30). On December 13, 2012, PGT filed a motion for summary judgment. (Doc. # 30). The Court granted Harris & Pritchard and Harris' counsels' Motion to Withdraw on December 14, 2012, and notified Harris & Pritchard that it had thirty days to file a notice of appearance of new counsel. (Doc. # 34). No such notice was filed. On January 22, 2013, this Court entered an Order noting Harris & Pritchard's failure to comply with the Court's instruction and advising Harris & Pritchard that failure to obtain counsel could result in its Answer (Doc. # 5) being stricken and that "thereafter, Harris & Pritchard will be poised for the entry of default against it." (Doc. # 36 at 5-6). The Court similarly advised Harris, as an individual, that failure to file a response to the Motion for Summary Judgment would result in the Court considering the Motion for Summary Judgment as unopposed. (Id. at 6). Neither

Harris & Pritchard nor Harris responded to the Court's Order.

Upon receipt of appropriate Motions (Doc. ## 38, 39), the Court ordered stricken Harris & Pritchard's Answer (Doc. # 5) and directed the Clerk to enter default. (Doc. ## 40, 41). PGT filed a Motion for Default Judgment against Harris & Pritchard on March 20, 2013. (Doc. # 42). On March 29, 2013, the Court granted PGT's Motion for Default Judgment against Harris & Pritchard, and granted summary judgment against Harris. (Doc. # 43 at 19). Furthermore, the Court stated, "Entry of judgment will be reserved until the amount of costs, fees, and prejudgment interest is determined. Plaintiff PGT Industries, Inc. may file with the Court a motion addressing prejudgment interest, fees, and costs on or before April 12, 2013." (Id.).

PGT timely filed the instant Motion for Prejudgment Interest, Attorneys' Fees and Costs. (Doc. # 46). Neither Harris & Pritchard nor Harris has filed a response in opposition to the motion, and the time for such responses has passed. Accordingly, the Court considers the motion as unopposed.

**II.  Analysis**

Upon review of the Motion for Prejudgment Interest, Attorneys' Fees and Costs, and of the affidavits filed in support thereof, the Court determines that the prejudgment interest, fees, and costs requested are reasonable under the circumstances of this case.  The Court has conducted its lodestar analysis under <u>Norman v. Housing Authority of City of Montgomery</u>, 836 F.2d 1292 (11th Cir. 1988).

PGT's filed invoices indicate that a total of $107,374.53 is due and owing to PGT. (Doc. # 2 at 10). Additionally, "[p]ursuant to Section 2.3 of the Contract, Plaintiff is entitled to collect prejudgment interest at the rate of 1.5% per month (18% annually) on all unpaid invoices. To wit, Defendants owe prejudgment interest" in the amount of $39,929.00. (Doc. #46 at ¶ 6) (citing Doc. # 2 at 7).

Furthermore, Section 1.6 of the Contract entitles PGT, as the prevailing party, to collect reasonable attorneys' fees. (Doc. # 2 at 6). PGT alleges that "Plaintiff's attorneys have agreed to represent Plaintiff on a contingency basis. Pursuant to Plaintiff's contingency fee agreement, Plaintiff's attorneys are entitled to recover 33.3% of the judgment, which amount (based upon

4

principal and prejudgment interest) equals $49,052.07." (Id. at ¶ 7).

PGT is a prevailing party. See 2002 Irrevocable Trust for Richard C. Hvizdak v. Huntington Nat. Bank, No. 12-14726, 2013 WL 1223474, at *1 (11th Cir. Mar. 26, 2013) (acknowledging that a party granted summary judgment is the prevailing party); Raetano v. Msawel, No. 8:12-cv-1625-T-30TBM, 2013 WL 1465290, at * 1 (M.D. Fla. Apr. 11, 2013) ("Plaintiff is a prevailing party in this case because he has received a final default judgment."). "Moreover, the Court has broad equity powers to supervise collection of attorneys' fees pursuant to contingency fee contracts." Zegers v. Countrywide Mortg. Ventures, LLC, 569 F. Supp. 2d 1259, 1268 (M.D. Fla. 2008). Considering the result obtained, the Court finds that the fee charged is reasonable and appropriate. The affidavits of Hunter G. Norton, Esq. and Steven D. Hutton, Esq. further support the Court's finding. (Doc. # 45).

The Court also approves as consistent with 28 U.S.C. § 1920 and Rule 54 of the Federal Rules of Civil Procedure the $1,495.45 in costs sought by PGT.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Plaintiff PGT Industries, Inc.'s Motion for Prejudgment Interest, Attorneys' Fees and Costs (Doc. # 46) is **GRANTED.**

(2) Plaintiff PGT Industries, Inc. shall recover from Defendants, Harris & Pritchard Contracting Services, LLC and David Harris, jointly and severally, the amount of $107,374.53, together with prejudgment interest in the amount of $39,929.00 through April 10, 2013, court costs in the amount of $1,495.45, and attorneys' fees in the amount of $49,052.07, making a total of $197,851.05, for which let multiple writs of execution issue as may be requested by Plaintiff PGT Industries, Inc., that shall bear interest at the prevailing statutory interest rate in accordance with section 55.03, Florida Statutes.

(3) The Clerk is directed to enter judgment in favor of Plaintiff PGT Industries, Inc. and against Defendants Harris & Pritchard Contracting Services, LLC and David Harris consistent with the foregoing.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of May, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record